FILED
United States Court of Appeals
Tenth Circuit

December 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHRIS ALLEN BROWNFIELD,

                Petitioner–Appellant,

v.

ROBERT SANDERS; KANSAS
PAROLE BOARD,

                Respondents–Appellees.

No. 11-3193
(D.C. No. 5:10-CV-03166-SAC)
(D. Kansas)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to

appeal the district court's denial of his § 2241 habeas petition.  In 1987, Petitioner was

convicted of aggravated battery and aiding and abetting felony murder.  He received a life

sentence for the felony murder conviction and a concurrent term of five to twenty years

for the aggravated battery conviction.  In 1989, Petitioner was convicted of aggravated

battery, for which he received a consecutive sentence of ten to forty years' imprisonment.

In 2006, the Kansas Parole Board considered Petitioner for parole but passed him to April

2009.  Petitioner contended he was entitled to conditional release under Kansas law, but

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this contention was rejected by the Parole Board and the state courts. Petitioner then filed this federal habeas action, in which he claimed he had a constitutional due process right to good-time credits and conditional release. The district court found no legal merit to this claim and therefore denied his request for habeas relief.

Petitioner's claim that he is entitled to conditional release is based on his interpretation of several Kansas statutes and regulations. Under Kansas law, he argues, his consecutive ten-to-forty-year sentence became controlling for purposes of conditional release and good-time credits after he became parole eligible on the life sentence. The Kansas Court of Appeals rejected this argument, holding that "there is nothing to suggest that the legislature intended the [Kansas Department of Corrections] to redetermine an inmate's conditional release date on the consecutively imposed sentence once that inmate becomes parole eligible on his initial sentence." *Brownfield v. Feleciano*, 221 P.3d 642 (table), 2010 WL 174073, at *2 (Kan. Ct. App. 2010).

"A state court's interpretation of its own law is binding on a federal court conducting habeas review." *House v. Hatch*, 527 F.3d 1010, 1028 (10th Cir. 2008). The district court appropriately applied this principle and considered whether Petitioner had a due process right to conditional release based on the state court's interpretation of its laws rather than Petitioner's contrary interpretation. After thoroughly reviewing Petitioner's brief and the record on appeal, we conclude that reasonable jurists would not debate the district court's conclusion that Petitioner had no liberty interest protected by the due process clause under Kansas law. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, for substantially the same reasons given by the district court, we **DENY**

Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge